UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

RANDY FORTUNATO,

        Plaintiff,

v.

COUNTRYWIDE HOME LOANS INC., et al.,

        Defendants.

2:12-CV-360 JCM (PAL)

**ORDER**

Presently before the court is *pro se* plaintiff Randy Fortunato's motion to remand. (Doc. #6). Defendants Flagstar Bank, FSB ("Flagstar") and MERSCORP, Inc. (collectively "defendants") filed an opposition. (Doc. #10). Plaintiff did not file a reply.

In his motion to remand, plaintiff asserts that: (1) defendant Countrywide Home Loans, Inc. ("Countrywide") has not consented to the removal because it had not been served at the time of removal, and (2) this court does not have jurisdiction because the amount in controversy is less than $75,000. (Doc. #6). Defendants argue that both of these assertions are wrong as a matter of law. (Doc. #10).

The removal notice must comply with the judge-made "rule of unanimity," which requires that all defendants join in the notice of removal. *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1266 (9th Cir. 1999) (overruled on other grounds). "Where fewer than all the defendants have joined in a removal action, the removing party has the burden under section 1446(a) to explain

**James C. Mahan**
**U.S. District Judge**

affirmatively the absence of any co-defendants in the notice for removal." *Id.* Any deficiencies should be cured within the thirty-day statutory period, or the court will find removal improper. *Id.* However, the rule of unanimity does not apply if the non-joining defendant was not properly served before filing of the notice of removal. *Salveson v. W. States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984) (superseded by statute on other grounds).

Countrywide had not been served at the time Flagstar filed its notice of removal. Therefore, the notice of removal was not defective. *See Salveson*, 731 F.2d at 1429. Further, Countrywide subsequently filed a joinder to the petition for removal. (Doc. #9). Accordingly, the court declines to remand this case based on plaintiff's first argument.

An action filed in state court may be removed to federal court if the federal court would have had original subject matter jurisdiction over the action. 28 U.S.C. § 1441(a). Subject matter jurisdiction exists over suits between citizens of different states where the amount in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332(a). The removal statutes are construed restrictively, and doubts regarding the viability of removal are resolved in favor of remanding the case to state court. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Where the complaint does not establish the amount in controversy, the "the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds [$75,000]." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007).

Plaintiff argues that the $75,000 amount in controversy jurisdictional requirement is not met in this case because the complaint asserts a claim for quiet title. (Doc. #6). Damages for quiet title claims are not monetary, so the amount in controversy is less than $75,000. (Doc. #6). Defendants respond that the complaint not only asserts a claim for quiet title, but also asserts claims for monetary damages for breach of contract and punitive damages. (Doc. #10). The loan in this case was for $249,500. (Doc. #10). Therefore, plaintiff's claims are in excess of $249,500. (Doc. #10).

**James C. Mahan**
**U.S. District Judge**

- 2 -

After considering all of the claims in the complaint, the amount in controversy exceeds $75,000. Plaintiff's motion to remand only focuses on his quiet title claim. However, plaintiff's breach of contract claim and punitive damages claim on a $249,500 loan exceeds the $75,000 amount in controversy jurisdictional requirement. Therefore, the court finds that the amount in controversy jurisdictional requirement is met and declines to remand this case.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that *pro se* plaintiff Randy Fortunato's motion to remand (doc. #6) be, and the same hereby is, DENIED.

DATED April 6, 2012.

_____
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 3 -