UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

RANDY FORTUNATO,

        Plaintiff,

v.

COUNTRYWIDE HOME LOANS INC., et al.,

        Defendants.

2:12-CV-360 JCM (PAL)

**ORDER**

Presently before the court is defendants Flagstar Bank and MERSCORP Inc.'s motion to dismiss complaint. (Doc. #14). *Pro se* plaintiff Randy Fortunato filed an opposition. (Doc. #18). Defendants then filed a reply. (Doc. #21). Also before the court is plaintiff's motion to stay the administrator of the foreclosure mediation program from issuing a certificate that mediation has been completed and enjoin the sale of the property in this matter. (Doc. #19). Defendants Flagstar Bank and MERSCORP Inc. filed an opposition (doc. #22), to which plaintiff filed a reply (doc. #25).

The property at issue in this case is located at 2166 Sunset Vista Ave., Henderson Nevada. (Doc. #1). The complaint asserts that on October 15, 2004, plaintiff purchased the property with a home loan for $252,000. The loan was secured by a first deed of trust, which was recorded on October 20, 2004. (Doc. #1, Ex. B). Plaintiff alleges that defendant Countrywide Home Loans Inc. sold the note to a trust in 2004 and did not notify plaintiff or record the transfer. (Doc. #1).

. . .

**James C. Mahan**
**U.S. District Judge**

Plaintiff further asserts that he refinanced the first loan with a second loan on May 1, 2008, in the amount of $249,500. (Doc. #1). A full reconveyance and substitution of trustee for the 2004 deed of trust was then recorded, thereby satisfying the first loan. (Doc. #1, Exs. E and F). The second loan was secured with a second deed of trust on the subject property. (Doc. #1, Ex. D). On July 29, 2011, a notice of breach and default and election to cause sale of real property under the second deed of trust was recorded. (Doc. #1, Ex. H).

Many of the allegations in the complaint revolve around the 2004 deed of trust and note. Specifically, plaintiff asserts that defendants transferred the first note in 2004 and did not notify plaintiff or record the transfer. Thus, plaintiff argues that the chain of title was broken, and all of the subsequent transactions involving this real property are void. (Doc. #1). However, as noted above, plaintiff acknowledges that he refinanced his home in 2008, and a second deed of trust on the subject property was recorded on May 7, 2008. (Doc. #1).

Plaintiff filed the instant complaint in state court on January 13, 2012. (Doc. #1). Defendants removed the case to federal court on March 6, 2012. (Doc. #1). The complaint includes four claims for relief: (1) fraud, (2) quiet title, (3) violations of NRS 107.086(4)-(5), 107.200, and 107.220, and (4) breach of contract. (Doc. #1). Defendants Flagstar Bank and MERSCORP Inc. now move to dismiss the complaint for failure to state a claim upon which relief can be granted. (Doc. #14).

### Legal Standard

A complaint must include a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The statement of the claim is intended to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Pursuant to Federal Rule of Civil Procedure 12(b)(6), courts may dismiss causes of action that "fail[] to state a claim upon which relief can be granted."

The court must "accept all factual allegations in the complaint as true." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Further, the court must draw all reasonable

inferences in plaintiff's favor. *Twombly*, 550 U.S. at 547. However, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal citations omitted). Although "not akin to a 'probability requirement,'" the plausibility standard asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.*

## I.   Fraud

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)). If a complaint asserting a fraud claim fails to meet the heightened pleading requirements of Rule 9(b), a district court may dismiss the claim. *Id.* at 1107.

Plaintiff's complaint fails to allege the "who, what, when, where, and how" of the misconduct charged. *Id.* at 1106. Instead, the complaint makes conclusory allegations grouping all of the defendants together. (Doc. #1). This pleading fails to meet the heightened pleading standard of Rule 9(b). Accordingly, dismissal of plaintiff's fraud claim is appropriate.

## II.   Quiet title

Plaintiff's quiet title claim revolves around the alleged broken chain of title from the transfer of the 2004 note. (Doc. #1). Specifically, plaintiff asserts that once the note was sold in 2004, the chain of title was broken and defendants no longer had authority to transfer and record documents for the subject property.

"In a quiet title action, the burden of proof rests with the plaintiff to prove good title in himself." *Breliant v. Preferred Equities Corp.*, 112 Nev. 663 (Nev. 1996). Further, an action for quiet title should be dismissed where plaintiff's claim "is not based on a cognizable legal theory." *Elias v. HomeEQ Servicing*, 2009 WL 481270, at *2 (D. Nev. 2009).

James C. Mahan
U.S. District Judge

- 3 -

1    Plaintiff does not address the impact of the 2008 refinancing and the second deed of trust.
2 The complaint acknowledges that plaintiff refinanced his loan in 2008 and that the second deed of
3 trust was recorded on May 7, 2008.  (Doc. #1).  The notice of default and election to cause sale at
4 issue in this case references the second deed of trust, not the first deed of trust.  (Doc. #1, Ex. H).
5 Thus, plaintiff's allegations about the first deed of trust are immaterial to defendants' ability to
6 foreclose on the second deed of trust.  Accordingly, plaintiff's claim for quiet title "is not based on
7 a cognizable legal theory" and should be dismissed.  *See Elias*, 2009 WL 481270, at *2.

8  **III.    Violations of NRS 107.086(4)-(5), 107.200, and 107.220**

9    In the third cause of action, plaintiff asserts that Flagstar violated NRS 107.086(4)-(5)
10 because Flagstar was not the true owner of the note and was not authorized to be at the foreclosure
11 mediation.  (Doc. #1).  Further, plaintiff alleges that he requested information from Flagstar on
12 October 19, 2011, pursuant to NRS 107.200 and 107.220.  (Doc. #1).  Plaintiff further asserts that
13 he never received the requested information from Flagstar.  (Doc. #1).

14   Defendants assert that the basis for plaintiff's third claim is that Flagstar did not have
15 authority to foreclose on the property due to the disputed transfer of the 2004 note.  However,
16 defendants assert that this issue is moot, because plaintiff refinanced the property in 2008.  Pursuant
17 to the 2008 refinance and subsequent assignments of the second deed of trust, Flagstar states that it
18 held both the note and the deed of trust at the time it foreclosed.  (Doc. #14).

19   Again, plaintiff refinanced his home in 2008.  Defendants foreclosed pursuant to the second
20 deed of trust, not the first deed of trust.  Therefore, Flagstar was the proper party at the mediation
21 and was authorized to foreclose on the second deed of trust.  Accordingly, the complaint fails to
22 plead a valid claim for a violation of NRS 107.086(4)-(5).

23   While the court dismisses plaintiff's third claim to the extent it asserts a violation of NRS
24 107.086(4)-(5), the court is not inclined to dismiss plaintiff's claim as it pertains to NRS 107.200
25 and 107.220.  The motion to dismiss focuses on defendants' authority to foreclose on the property
26 – the motion wholly fails to address plaintiff's allegation that he requested information about the
27 loan from Flagstar pursuant to NRS 107.200 and 107.220 and never received this information.  Thus,
28

James C. Mahan
U.S. District Judge

- 4 -

the court is not inclined to dismiss the complaint to the extent it alleges violations of NRS 107.200 and 107.220.

IV. **Breach of contract**

Plaintiff's final cause of action asserts that MERSCORP Inc. and Countrywide breached the 2004 deed of trust when they failed to notify plaintiff of the transfer of the 2004 note. (Doc. #1, Ex. A). Defendants respond that this claim is moot because, even if defendants did breach the 2004 note, any contractual obligations defendants owed to plaintiff were extinguished when plaintiff refinanced the loan in 2008.

A breach of contract claim requires four elements: (1) formation of a valid contract, (2) performance or excuse of performance by the plaintiff, (3) material breach by the defendant, and (4) damages. *See Bernard v. Rockhill Dev. Co.*, 103 Nev. 132, 135 (1987). The plaintiff "bears the burden of proving he was damaged and of proving the extent of those damages." *Bergstrom v. Estate of DeVoe*, 109 Nev. 575, 578 (1993).

Plaintiff's claim for breach of contract fails because plaintiff has not pled or identified any damages stemming from an alleged breach of the 2004 deed of trust. *See Bernard*, 103 Nev. at 135. Here, plaintiff refinanced the first loan in 2008, and this second loan was secured by the second deed of trust. The notice of default and election to sell referenced the second deed of trust. Plaintiff has not identified any breach of the second deed of trust or any damages that flowed from an alleged breach of the 2004 deed of trust. Accordingly, the pleadings do not establish a valid claim for breach of contract.

V. **Motion to stay and preliminary injunction**

After defendants filed the motion to dismiss, plaintiff filed a motion to stay the administrator of the foreclosure mediation program from issuing a certificate that mediation has been completed and enjoin the sale of the property in this matter. (Doc. #19).

Defendants Flagstar Bank and MERSCORP Inc. oppose this motion, asserting: (1) this court does not have jurisdiction to issue the requested stay, and (2) plaintiff has not presented the court with an adequate analysis to support a preliminary injunction. (Doc. #22).

James C. Mahan
U.S. District Judge

- 5 -

1    Pursuant to Nevada Foreclosure Mediation Rule 21, a party may file a petition for judicial
2 review of a mediation with the district court in the county where the notice of default was recorded.
3 NEV. FORECLOSURE MEDIATION R. 21.  Further, all such petitions must be filed within 30 days of
4 the date that the party to the mediation received the mediator's statement. *Id.*

5    Plaintiff did not file a petition for judicial review of the mediation program pursuant to Rule
6 21.  This court is not the proper venue in which to seek this relief.  Accordingly, the court is not
7 inclined to grant the requested stay.

8    Further, the court is not inclined to grant a preliminary injunction based on these moving
9 papers because plaintiff has failed to engage in any analysis of the four *Winter* factors.  *See Winter*
10 *v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008).

11    Accordingly,

12    IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants Flagstar Bank
13 and MERSCORP Inc.'s motion to dismiss complaint (doc. #14) be, and the same hereby is,
14 GRANTED in part and DENIED in part.  Counts one, two, and four are dismissed in their entirety
15 for failure to state a claim upon which relief can be granted.  Count three is dismissed to the extent
16 it alleges violations of NRS 107.086(4)-(5).

17    IT IS FURTHER ORDERED that defendants MERSCORP Inc. and Countrywide Home
18 Loans Inc. be dismissed from this case, as the remaining claim includes allegations against only
19 defendant Flagstar Bank, FSB.

20    IT IS FURTHER ORDERED that plaintiff's motion to stay the administrator of the
21 foreclosure mediation program from issuing a certificate that mediation has been completed and
22 enjoin the sale of the property in this matter (doc. #19) be, and the same hereby is, DENIED.

23    DATED June 26, 2012.

                                    _____
                                    UNITED STATES DISTRICT JUDGE