UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RANDY FORTUNATO,<br><br>            Plaintiff,<br><br>v.<br><br>COUNTRYWIDE HOME LOANS INC., et al.,<br><br>            Defendants. | 2:12-CV-360 JCM (PAL) |

### ORDER

Presently before the court is Flagstar Bank, FSB ("Flagstar") and MERSCORP Inc.'s ("MERS") motion for summary judgment. (Doc. # 27). To date, *pro se* plaintiff Randy Fortunato has not filed a response.

**I.    Background**

The property at issue in this case is located at 2166 Sunset Vista Ave., Henderson Nevada. (Doc. #1). The complaint asserts that on October 15, 2004, plaintiff purchased the property with a home loan for $252,000. The loan was secured by a first deed of trust, which was recorded on October 20, 2004. (*Id.*, Ex. B). Plaintiff alleges that defendant Countrywide Home Loans Inc. sold the note to a trust in 2004 and did not notify plaintiff or record the transfer. (*Id.*).

Plaintiff further asserts that he refinanced the first loan with a second loan on May 1, 2008, in the amount of $249,500. (*Id.*). A full reconveyance and substitution of trustee for the 2004 deed of trust was then recorded, thereby satisfying the first loan. (*Id.*, Exs. E and F). The second loan was

**James C. Mahan**
**U.S. District Judge**

1  secured with a second deed of trust on the subject property. (*Id.*, Ex. D). On July 29, 2011, a notice
2  of breach and default and election to cause sale of real property under the second deed of trust was
3  recorded. (*Id.*, Ex. H).

4  Many of the allegations in the complaint revolve around the 2004 deed of trust and note.
5  Specifically, plaintiff asserts that defendants transferred the first note in 2004 and did not notify
6  plaintiff or record the transfer. Thus, plaintiff argues that the chain of title was broken, and all of the
7  subsequent transactions involving this real property are void. (*Id.*). However, as noted above,
8  plaintiff acknowledges that he refinanced his home in 2008, and a second deed of trust on the subject
9  property was recorded on May 7, 2008. (*Id.*).

10  Plaintiff filed the instant amended complaint in state court on February 13, 2012. (*Id.*).
11  Defendants removed the case to federal court on March 6, 2012. (*Id.*). The amended complaint
12  includes four claims for relief: (1) fraud, (2) quiet title, (3) violations of NRS 107.086(4)-(5),
13  107.200, and 107.220, and (4) breach of contract. (*Id.*).

14  The court previously dismissed plaintiff's first, second, and fourth causes of action. (Doc.
15  # 26). The court also partially dismissed plaintiff's third cause of action that alleged violations of
16  NRS §107.086(4)-(5). (*Id.*) The court declined to dismiss plaintiff's claim for alleged violations of
17  NRS §§ 107.200 and 107.220 because the motion to dismiss failed to address plaintiff's allegation
18  that he requested information about the loan from Flagstar and never received this information.

19  Defendants Flagstar and MERS now move for summary judgment as to the partially
20  remaining claim. (Doc. # 27). The court notes however that MERS was previously dismissed from
21  the case (doc. # 26, 6:17-19); therefore the court construes the arguments made in the instant motion
22  as to Flagstar only.

23  **II.  Legal Standard**

24  Pursuant to Local Rule 7-2(d), an opposing party's failure to file a timely response to any
25  motion constitutes the party's consent to the granting of the motion and is proper grounds for
26  dismissal. A court cannot, however, grant a summary judgment motion merely because it is
27  unopposed, even where its local rules might permit it. *Henry v. Gill Indus., Inc.,* 983 F.2d 943, 949-

28

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  50 (9th Cir. 1993); *see also Martinez v. Stanford*, 323 F.3d 1178, 1182 (9th Cir. 2003) (a district
2  court cannot grant a motion for summary judgment based merely on the fact that the opposing party
3  failed to file an opposition). Even without an opposition, the court must apply standards consistent
4  with Fed.R.Civ.P. 56, determining if the moving party's motion demonstrates that there is no
5  genuine issue of material fact and judgment is appropriate as a matter of law. *Id.* at 950. *See also*
6  *Clarendon Am. Ins. Co. v. Jai Thai Enterprises, LLC*, 625 F. Supp. 2d 1099, 1103 (W.D. Wash.
7  2009).[1]

8        The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings,
9  depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,
10  show that "there is no genuine issue as to any material fact and that the movant is entitled to a
11  judgment as a matter of law." FED. R. CIV. P. 56(a). A principal purpose of summary judgment is "to
12  isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24
13  (1986).

14        In determining summary judgment, a court applies a burden-shifting analysis. "When the
15  party moving for summary judgment would bear the burden of proof at trial, it must come forward
16  with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.
17  In such a case, the moving party has the initial burden of establishing the absence of a genuine issue
18  of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213
19  F.3d 474, 480 (9th Cir. 2000) (citations omitted).

20        In contrast, when the nonmoving party bears the burden of proving the claim or defense, the
21  moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential
22  element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to
23  make a showing sufficient to establish an element essential to that party's case on which that party
24  will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails
25  to meet its initial burden, summary judgment must be denied and the court need not consider the

---

[1] "[S]mmary judgment cannot be granted by default, even if there is a complete failure to respond to the motion." Fed.R.Civ.P. 56, 2010 cmt. to subdivision (e). The court may only grant summary judgment if "the motion and supporting materials ... show that the movant is entitled to it." Fed.R.Civ.P. 56(e).

**James C. Mahan**
**U.S. District Judge**

1  nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

2      If the moving party satisfies its initial burden, the burden then shifts to the opposing party
3  to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith*
4  *Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing
5  party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the
6  claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions
7  of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th
8  Cir. 1987).

9      In other words, the nonmoving party cannot avoid summary judgment by relying solely on
10 conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045
11 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the
12 pleadings and set forth specific facts by producing competent evidence that shows a genuine issue
13 for trial. *See Celotex Corp.*, 477 U.S. at 324.

14 **III.  Discussion**

15     When read together NRS §§ 107.200 and 107.220 allow the grantor of a deed of trust to
16 request a statement from the beneficiary that sets forth the following:

> 1. The amount of the unpaid balance of the debt secured by the deed of trust, the rate of interest on the unpaid balance and the total amount of principal and interest which is due and has not been paid.
>
> 2. The amount of the periodic payments, if any, required under the note.
>
> 3. The date the payment of the debt is due.
>
> 4. The period for which real estate taxes and special assessments have been paid, if that information is known to the beneficiary.
>
> 5. The amount of property insurance covering the real property and the term and premium of that insurance, if that information is known to the beneficiary.
>
> 6. The amount in an account, if any, maintained for the accumulation of money for the payment of taxes and insurance premiums.
>
> 7. The amount of any additional charges, costs or expenses paid or incurred by the beneficiary which is a lien on the real property described in the deed of trust.
>
> 8. Whether the debt secured by the deed of trust may be transferred to a person other than the grantor.

James C. Mahan
U.S. District Judge

- 4 -

NRS § 107.200. To prevail on this claim, plaintiff must show that he actually made such a request on Flagstar. To date, plaintiff has not produced any documents, identified any witnesses or otherwise participated in discovery. Plaintiff has not provided evidence that he sent a demand or that Flagstar failed to comply with the demand. Flagstar argues that because plaintiff has the burden of proof and has not submitted any evidence supporting this claim, he cannot recover under NRS §§ 107.200 and 107.220.

The court agrees. Flagstar has demonstrated that plaintiff has failed to make a showing sufficient to establish an element essential to his case upon which he would bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. On this basis, summary judgment in favor Flagstar is appropriate.

**IV.  Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Flagstar Bank, FSB and MERSCORP Inc.'s motion for summary judgment (doc. # 27) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that the clerk of the court shall enter judgment and close the case.

DATED June 27, 2013.

_____
**UNITED STATES DISTRICT JUDGE**